# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JAMIE FOWLER,                                                                                             PETITIONER
ADC #610045

v.                         5:14CV00082-BSM-JJV

RAY HOBBS, Director                                                     RESPONDENT
Arkansas Department of Correction

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

A Yell County jury convicted Petitioner, Jamie Fowler, of manufacturing methamphetamine and possession of drug paraphernalia on January 27, 2010. (Doc. No. 7-2.) He was sentenced as a habitual offender to sixty-five years' imprisonment in the Arkansas Department of Correction. (*Id.*) On direct appeal to the Arkansas Court of Appeals, Mr. Fowler argued that the evidence was insufficient to support his convictions; the trial court erroneously denied his motion to suppress evidence; evidence of his prior conviction was improperly was admitted at trial; and the trial court erred in denying his motion for mistrial. (Doc. No. 7.) The Arkansas Court of Appeals affirmed in an opinion issued on May 4, 2011. *Fowler v. State,* 2011 Ark. App. 321.

Six weeks later, on June 17, 2011, Mr. Fowler filed a Rule 37 Petition in Yell County Circuit Court. (Doc. No. 7-5.) The trial court denied his petition on October 5, 2011. (Doc. No. 7-3.) On October 19, 2011, Mr. Fowler timely filed a notice of appeal from that decision, but he failed to tender the record to the Arkansas Supreme Court in a timely manner. (*Id.*)[1] On June 11, 2012, he filed a *pro se* motion for rule on clerk and affidavit of indigency. (*Id.*) The Arkansas Supreme Court denied his motion on September 19, 2013, because his petition was not accompanied by the required verification. See *Fowler v. State,* 2013 Ark. 340. As the Respondent addresses in a footnote, while this may appear as a harsh ramification of a minor error, case law provides no additional relief for *pro se* appellants. There is no special consideration on appeal for *pro se* petitioners, *Eliott v. State,* 342 Ark. 237, 27 S.W.3d 432 (2000), and the responsibility to provide an adequate record for the court's review lies solely on the appellant. *Sullivan v. State,* 301 Ark. 352, 354, 784 S.W.2d 155, 156 (1990) (*per curiam*).

In the instant Petition filed March 6, 2014, Mr. Fowler alleges the following four claims: (1) he was constitutionally denied effective assistance of trial counsel, in violation of the Sixth and Fourteenth Amendments to the United States Constitution; (2) the search warrant produced at trial was in violation of the Best Evidence Rule; (3) the confidential informant was unreliable and he [Fowler] was denied discovery evidence; and (4) he was attacked by the vindictive prosecuting attorney in closing arguments. (Doc. No 1.)

---

[1] The Arkansas Rule of Appellate Procedure - Criminal 4(b)(2011) requires the record to be lodged within ninety days of the date of the notice of appeal. Mr. Fowler's record was tendered 236 days after the notice of appeal was filed. *Fowler v. State,* 2013 Ark. 340.

## II. ANALYSIS

### A. Statute of Limitations

Respondent argues that Mr. Fowler's Petition is barred by the statute of limitations. (Doc. No. 7.) Title 28 U.S.C. §§ 2244 (d)(1) and (d)(2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(d)(2).

After carefully reviewing the record, the Court finds the Petition is untimely. In the instant case, the one-year limitations period began to run on May 23, 2011 - the "date on

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Fowler's direct appeal was decided on May 4, 2011, and his time to seek review of that decision expired eighteen days later - Sunday, May 22, 2011. Therefore, pursuant to Arkansas Supreme Court Rule 2-4(a), his time commenced on Monday, May 23, 2011, and the statute of limitations never tolled. One year from that date was May 23, 2012, so Mr. Fowler had until then to file his petition. Fed. R. Civ. P. 6(a)(1)(2013). The instant Petition, filed on March 6, 2014, is almost two years late.

Pursuant to 28 U.S.C. § 2244(d)(2), the time during which properly filed applications for State post-conviction or other collateral review are pending is not counted toward the period of limitation so long as they are properly filed. However, such is not the case here; Mr. Fowler did not properly file his record and his motion to belatedly lodge that record was denied. "A 'properly filed' application is one that meets all the state's procedural requirements." *Beery v. Ault,* 312 F.3d 948, 950-51 (8th Cir. 2002).

If a state court finds, as it did in the instant case, that a motion fails to comply with filing requirements and therefore, that motion is not "properly filed," the finding by the state court is the "end of the matter" in the federal courts. *Walker v. Norris,* 436 F.3d 1026, 1032 (8th Cir. 2006). As such, no time was tolled in Mr. Fowler's case.

There is also no indication in the record that Mr. Fowler diligently pursued his rights regarding the instant claims or that some extraordinary circumstance prevented timely filing. Therefore, he is not entitled to equitable tolling and this matter should be dismissed as time

barred.

**B.     Procedural Default**

Respondent additionally argues that the Petition is procedurally defaulted. (Doc. No. 7 at 6.) The Court agrees.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted).

Mr. Fowler's fourth claim that the prosecutor's closing argument was vindictive is procedurally defaulted because he never raised it on direct appeal. Further, Mr. Fowler himself concedes that his claims of ineffective assistance of counsel are also procedurally defaulted. (Doc. No. 1 at 5.) He argues, however, that pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), he has cause for his procedural default. (*Id.*) Although questions arise whether the United States Supreme Court's holding in *Martinez*, could generally lead to a showing of "cause" for procedural defaulted claims, the Court concludes it would not apply

in this case. Assuming *Martinez* applies, this Court would perform a merits review of the defaulted claims if (1) the claim of ineffective assistance was substantial, (2) the "cause" was that Mr. Fowler had no counsel in the post-conviction proceeding, (3) the Rule 37 proceeding was the initial review proceeding with respect to the ineffective assistance of counsel claim, and (4) it was highly unlikely that Mr. Fowler had a "meaningful opportunity" to raise his ineffective assistance claims on direct appeal. *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). Here, Mr. Fowler's default occurred when he failed to timely lodge the record on appeal from the denial of state post-conviction relief. Given the facts in this case and the claims raised, under *Martinez,* the Court concludes that none of the defaulted claims rise to the level of "substantial." Thus, his Petition is procedurally barred and should be dismissed with prejudice.

    **C.**     **Remaining Claims**

The remainder of Mr. Fowler's claims were properly raised and adjudicated by the state courts through his Rule 37 petition. In the interests of finality and federalism, federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Under the AEDPA, federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

    (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

>Supreme Court of the United States; or

>(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.

Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003). Such is not the case here. The Arkansas Court of Appeals reasonably reviewed the record, analyzed the claims, and properly concluded that the trial court did not err in finding the confidential informant reliable or in denying Mr. Fowler's motion to suppress evidence seized in a search warrant. *Fowler v. State,* 2011 Ark. App. 321.

The question under the AEDPA is not whether a federal court believes the state

court's ruling was incorrect, but whether the decision by the state court was unreasonable - a substantially higher threshold. *Williams,* 529 U.S. at 412. In Mr. Fowler's case, the Arkansas Court of Appeals's decision was not contrary to, nor involved an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. As such, his claims should be dismissed.

### III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

The Court finds no issue on which Mr. Fowler has made a substantial showing of a denial of a constitutional right. Thus, no certificate of appealability should be issued.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No.1) be DISMISSED.

2. A certificate of appealability should not be issued.

DATED this 28th day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE